# Richmond.

COMMONWEALTH V. LARKIN.

FEBRUARY 16th, 1888.

CONSTITUTION—*Licenses—Coupons.*—Section 65, ch. 450, Acts of Assembly 1883–4, p. 590, prohibiting sale without a special license, of tax-receivable coupons cut from the bonds of the State of Virginia, is constitutional. *Com.* v. *Maury*, 82 Va., 883.

Error to judgment of corporation court of Lynchburg, rendered February 12th, 1887. Opinion states the case.

*Attorney-General R. A. Ayers,* for the Commonwealth.

*W. W. Larkin,* for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

The record in this case shows that the defendant in error, W. W. Larkin, was, on the 3d day of February, 1887, in the corporation court of the city of Lynchburg, indicted for selling tax-receivable coupons, cut from the bonds of Virginia, without having obtained the special license required and prescribed by section 65, chapter 450 of the Acts of Assembly of 1883–4. (Acts of Assembly 1883–4, p. 590.) On the 12th day of February, 1887, the case came on to be heard in the corporation court of the city of Lynchburg, and on motion of the defendant, W. W. Larkin, the court quashed the indictment on the ground that the act of assembly on which it was

founded is in conflict with, and repugnant to, the constitution of the State of Virginia, and with the constitution of the United States, and therefore void.

On the 17th day of the same term of the said court, the attorney for the Commonwealth moved the court to reconsider its opinion and order quashing the said indictment, and to reinstate it—which motion the court overruled; to which ruling the Commonwealth excepted. This case is, in every respect, precisely similar to the case of the *Commonwealth* v. *Maury,* recently decided by this court, (82 Va., 883.) In that case it was declared, "this court is of opinion that the statute of 1883–4, under which the indictment in this case was found, is constitutional and valid; and that the judgment of the hustings court quashing that indictment is erroneous, and must be reversed and annulled, and the case be remanded to said court for further proceedings in conformity with the law and the views herein expressed."

This is an explicit and unqualified decision of this court sustaining the constitutionality of the act of assembly (1883–4, page 590,) under which the indictment in this case against the defendant in error, W. W. Larkin, was found; and it absolutely rules this case. The judgment of the corporation court of the city of Lynchburg, declaring the act of assembly of 1883–4, page 590, unconstitutional and void, and quashing the indictment in this case, is wholly erroneous, and it is hereby reversed and annulled; and the case is remanded to the said corporation court with instructions for further proceedings, in conformity to law and the opinion of this court.

JUDGMENT REVERSED.